# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LEONARD KRUK,<br>　　　　　　Appellant,<br><br>　　　v.<br><br>UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DOCKET NUMBER<br>AT-0752-14-0746-I-1<br><br><br>DATE: March 23, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Wendell K. Hall, Knoxville, Tennessee, for the appellant.

Gina M. MacNeill, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was formerly employed as a Manager of Customer Services at the Burlington Station of the Knoxville, Tennessee Post Office until he retired, effective December 31, 2013. Initial Appeal File (IAF), Tab 6 at 33. The appellant filed a Board appeal alleging that his retirement was involuntary because the agency forced him to retire in violation of the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA). IAF, Tab 1 at 5. In support of his appeal, the appellant submitted a copy of the agency's final agency decision (FAD) on the merits of his discrimination claims. IAF, Tab 2. According to the FAD, the appellant alleged that he was forced to retire because on September 6, 2012, his request to utilize sick leave for dependent care (SLDC) from September 10, 2012, through December 31, 2012, to care for his wife who suffers from terminal degenerative brain disease, was denied and instead he was approved to take SLDC only through September 21, 2012. IAF, Tab 2 at 7.

¶3      The administrative judge issued an order directing the appellant to file evidence and/or argument amounting to a nonfrivolous allegation that his

involuntary retirement appeal was within the Board's jurisdiction. IAF, Tab 5 at 3. The order provided the appellant with general information regarding how to adequately allege that a retirement was involuntary. IAF, Tab 5 at 2. The appellant did not respond to the administrative judge's order. *See* IAF, Tab 7, Initial Decision (ID) at 3. The agency responded to the order asserting that the appellant's retirement was voluntary and requesting that the appeal be dismissed for lack of jurisdiction. IAF, Tab 6 at 4-10.

¶4    Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction on the ground that the appellant failed to nonfrivolously allege that his retirement was involuntary. ID at 1, 4. The administrative judge found that the agency did not make the appellant's working conditions so intolerable that a reasonable person in his position would have felt compelled to retire because, after he informed the agency in September 2012, that he needed to retire to care for his wife, the agency allowed him to use leave for over a year until his retirement, effective December 31, 2013. ID at 4.

¶5    The appellant filed a petition for review in which he contends generally that the initial decision contains erroneous findings of material fact and asserts that the facts set forth in the FAD, part of the record below, establish that the agency imposed the terms of his retirement. Petition for Review (PFR) File, Tab 1 at 6-9. Specifically, he asserts that the FAD establishes that his supervisor informed him that he needed to retire to care for his wife and that he was forced to retire in lieu of working additional hours and because his request for SLDC from September 10, 2012, through December 31, 2012, was denied and instead approved only through September 21, 2012. PFR File, Tab 1 at 7-8. The appellant's petition was untimely filed and he also has filed a motion to waive the time limit. PFR File, Tab 4. The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 2.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has demonstrated good cause for waiver of the time limit.

¶6 Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). An appellant bears the burden of proof on the issue of timeliness. 5 C.F.R. § 1201.56(a)(2)(ii). If an appellant fails to timely submit his appeal, it will be dismissed as untimely filed absent a showing of good cause for the delay in filing. 5 C.F.R. § 1201.22(c).

¶7 To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed Cir. 1996) (Table). Under limited circumstances, the Board will excuse delays in filing caused by difficulties encountered with the Board's e-Appeal system. *See, e.g.*, *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶¶ 6-8 (2010) (excusing a filing delay where the appellant alleged that he attempted to electronically file his petition for review on time and the e-Appeal system showed that he had, in fact, accessed the system prior to the date that his petition was due; and it was possible to exit the system without receiving a clear warning that he had not yet filed his pleading).

¶8 Here, the appellant filed his petition for review on November 5, 2014, 1 day after the Board filing deadline on November 4, 2014. PFR File, Tab 1. In the

appellant's motion to waive the time limit, his attorney states that on the day of the filing deadline, he logged on and attempted numerous times to file the petition, but he experienced difficulties with the Board's e-Appeal system, which would not allow him to file the petition and instead prompted him to submit a ticket. PFR File, Tab 4 at 1. The Board's records confirm both that the appellant's attorney repeatedly attempted to access the e-Appeal system on November 4, 2014, and that he submitted a support ticket on the evening of November 4, 2014. Further, the Board's e-Appeal system experienced several periods of down time on November 4, 2014. We therefore find good cause for the appellant's brief delay in filing his petition for review.

<u>The administrative judge properly found that the appellant failed to nonfrivolously allege that his retirement was involuntary.</u>

¶9  The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, <u>4 M.S.P.R. 268</u>, 271 (1980). The appellant, who was represented by counsel below, was on notice via the administrative judge's order and the agency's motion to dismiss that the threshold issue was whether he could establish Board jurisdiction over his appeal through nonfrivolous allegations that his retirement was involuntary. IAF, Tab 5; Tab 6 at 8-10. However, the appellant did not respond to the administrative judge's order or to the agency's motion to dismiss below. On review, he has not explained why he did not respond either to the order or the motion to dismiss or why he could not have presented to the administrative judge his argument that his retirement was involuntarily coerced because his supervisor told him to retire and required him to work additional hours.

¶10  Even if we were to find that the appellant raised these arguments below by including the FAD, we discern no basis for disturbing the administrative judge's

finding that the appellant failed to nonfrivolously allege that his retirement was involuntary.

¶11    An employee-initiated action, such as a retirement or resignation, is presumed to be voluntary and thus outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary retirement, however, is equivalent to a forced removal and therefore is within the Board's jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc); *see Vitale*, 107 M.S.P.R. 501, ¶ 17. An appellant who claims that his retirement was involuntary may rebut the presumption of voluntariness in a variety of ways, for example, by showing that it was the result of misinformation or deception by the agency or the unjustified threat of an adverse action. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011). In addition, intolerable working conditions may render an action involuntary when, under the totality of the circumstances, the working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to retire. *Wright v. Department of Veterans Affairs*, 85 M.S.P.R. 358, ¶ 25 (2000). The application of the totality of the circumstances test must be gauged by an objective standard rather than the employee's purely subjective evaluation. *Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1341-42 (Fed. Cir. 2001).

¶12    Even assuming that the appellant's allegations that his supervisor told him to retire and required him to work additional hours in September 2012 were true, we agree with the administrative judge that a reasonable person would not have felt compelled to retire over a year later in December 2013. *See* ID at 4. Moreover, the appellant acknowledges on review that the agency approved his request for SLDC from September 6, 2012, to September 21, 2012, as well as granted him extensive sick leave, family and medical leave, and annual leave for more than a year until his retirement in December 2013. PFR File, Tab 1 at 6, 8.

Accordingly, we conclude that the administrative judge properly dismissed the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.